UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
REIGN BLUE CORP.,

                    Plaintiff,

          -against-                                      <u>MEMORANDUM & ORDER</u>
                                                         13-CV-3915(JS)(WDW)

GATEWAY COMMERCIAL FINANCE, LLC
and ROSS STORES, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Andrew A. Kimler, Esq.
                   Jordan M. Freundlich, Esq.
                   Vishnick McGovern Milizio, LLP
                   3000 Marcus Avenue
                   Lake Success, NY 11042


For Defendants:
Gateway            Michael Ullman, Esq.
                   Ullman & Ullman, P.A.
                   150 E. Palmetto Park Road, Suite 700
                   Boca Raton, FL 33432

                   Todd Allen Strassberg, Esq.
                   Strassberg & Strassberg, P.C.
                   57 West 38th Street, 8th Floor
                   New York, NY 10018

Ross               David J. Cook, Esq.
                   Cook Collection Attorneys, PLC
                   165 Fell Street
                   San Francisco, CA 94104

SEYBERT, District Judge:

          Plaintiff  Reign  Blue  Corp.  ("Reign  Blue"  or

"Plaintiff")  commenced  this  action  on  July 12,  2013  against

Defendants Gateway Commercial Finance, LLC ("Gateway") and Ross

Stores, Inc.[1] ("Ross").   Shortly thereafter, Plaintiff moved for
a preliminary injunction (Docket Entry 5), which this Court
referred to Magistrate Judge William D. Wall for a Report and
Recommendation ("R&R").   Currently, Plaintiff's motion and Judge
Wall's R&R, to which Plaintiff has objected, are pending before
the Court.   For the following reasons, Plaintiff's objections
are OVERRULED or otherwise MOOT, Judge Wall's R&R is ADOPTED,
and Plaintiff's motion is DENIED.

BACKGROUND

## I.  Factual Background

The Court presumes familiarity with the underlying
facts of this case, which Judge Wall set forth in detail in his
R&R.   Briefly, Gateway originally had a business relationship
with non-party SB Max Global, Inc. ("SB Max").   (Compl. ¶ 4.)
As part of that relationship, SB Max asked Gateway if it could
provide purchase order ("PO") financing.   (R&R at 3 (citing Tr.
117[2]).)   "Under such an arrangement, Gateway would pay for the
goods to be produced prior to an invoice being generated."   (R&R
at 3.)   Gateway agreed to provide the financing and later

---

[1] After Judge Wall issued his R&R, Plaintiff and Ross voluntarily
agreed to dismiss their claims against one another.   (See Stip
of Partial Dismissal, Docket Entry 37.)

[2] "Tr." denotes citations to the transcript of the August 9, 2013
hearing before Judge Wall.

increased SB Max's credit facility and extended the terms of the relationship.  (R&R at 3.)

In March 2013, two POs central to this litigation were issued.  (R&R at 5-6.)  The first PO is dated March 7, 2013 and shows SB Max as the vendor.  (R&R at 6.)  The second is dated March 11, 2013 and again shows SB Max as the vendor.  (R&R at 6.)  According to Gateway, it provided PO financing for these two POs, which apparently included the purchase of fabric on behalf of SB Max.  (R&R at 6.)

In or around April 2013, however, SB Max began encountering financial difficulty and defaulted on its POs to Ross, which were to be filled with garments produced at a Guatemalan factory called Beltlan, SA ("Beltlan").  (Compl. ¶¶ 17, 22.)  According to Plaintiff, Gary Nadelman, an independent sales representative, referred Ross to Plaintiff. (Compl. ¶¶ 20, 22.)  As Plaintiff alleges, "[a]fter contacting Reign Blue, Mr. Nadelman was able to broker a deal between Reign Blue, Ross and Beltlan whereby: (a) Reign Blue would purchase the garments from Beltlan that SB Max could not pay for; and (b) Reign Blue would provide the garments to Ross under new purchase orders."  (Compl. ¶ 23.)  Thus, Plaintiff sought and received financing from a Korean company named Michelle Kookje Corporation ("Michelle") and sent POs to Beltlan in order to provide the garments to Ross.  (Compl. ¶¶ 19, 24.)

According to Defendant, Plaintiff is merely a successor in interest to SB Max.  In other words, Plaintiff took over SB Max's POs as a successor in interest, allowing Plaintiff to benefit from those POs and Gateway's financing while SB Max failed to pay.  (Compl. ¶ 26.)  As such, Gateway filed a UCC-1 statement in New York naming Plaintiff as its debtor.  (Compl. ¶ 25.)

Plaintiff maintains that it is a separate and distinct entity from SB Max.  (Compl. ¶ 27.)  It further asserts that, because of this UCC-1 filing, Ross has refused to release money owed from the completed purchase orders.  (Compl. ¶ 25.)

II.  Procedural Background

On July 17, 2013, Plaintiff moved for a preliminary injunction seeking: (1) that the UCC-1 filing be terminated, and (2) directing Ross to release all money withheld due to the UCC-1 filing.  (See Docket Entry 5.)  Plaintiff and Ross have since stipulated to dismissal of their claims against one another, and therefore the only issue currently before the Court is whether the UCC-1 filing should be terminated at this juncture.

This Court referred the motion to Judge Wall, and on August 9, 2013, Judge Wall conducted a hearing.  (See Docket Entry 25.)  Plaintiff's principal, Alex Yoon, Gateway's principal, Marc Marin, and independent salesperson Gary Nadelman all testified.  (R&R at 1.)  The parties also requested

4

permission, which Judge Wall granted, to submit post-hearing briefs.  (See R&R at 1; Pl. Tr. Br., Docket Entry 28; Gateway Tr. Br., Docket Entry 29.)

DISCUSSION

Judge Wall recommends that Plaintiff's motion for a preliminary injunction be denied because Plaintiff did not show irreparable harm absent a preliminary injunction or likelihood of success on the merits and because the balance of hardships did not weigh decidedly in Plaintiff's favor.  Plaintiff has filed objections, essentially arguing that it has established the aforementioned elements and that Judge Wall disregarded certain evidence.  The Court will first address the applicable legal standard before turning to Plaintiff's objections more specifically.

## I.  Legal Standard

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous."  Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate's

recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).  Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II.  Plaintiff's Objections and Judge Wall's R&R

With these standards in mind, then, the Court turns to Plaintiff's motion for a preliminary injunction and Judge Wall's R&R.  In order to justify a preliminary injunction, a movant must demonstrate:

> 1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor, and 3) that the public's interest weighs in favor of granting an injunction.

Metro. Taxicab Bd. of Trade v. City of N.Y., 615 F.3d 152, 156 (2d Cir. 2010) (internal quotation marks and citation omitted).

After providing an in-depth recitation of the facts in this case, Judge Wall turned first to the issue of irreparable harm.  He noted Plaintiff's argument that it had shown irreparable harm because it would likely go out of business absent an injunction, but rejected this argument as speculative. (R&R at 12.)  Specifically, Judge Wall found that, even though Plaintiff is temporarily unable to conduct business with Ross, Plaintiff has not established that it could not resume that business relationship after litigation.  (R&R at 12.)  Judge Wall additionally found that, other than Mr. Yoon's self-serving testimony, Plaintiff had not provided any evidence that Michelle would refuse to continue financing Plaintiff.  (R&R at 12-13.)

7

"Additionally," Judge Wall concluded, "Reign Blue has presented little evidence of impact on the business other than the loss of one employee, who may or may not have been working for SB Max as well." (R&R at 13.) Judge Wall then went on to note that "Plaintiff's difficulty in establishing . . . how its business will be destroyed raises the question of whether Reign Blue is, or ever was, a viable business entity." (R&R at 13.) He particularly noted that Plaintiff and SB Max had used the same incorporating attorney, address of incorporation, and address of office space. (R&R at 13.)

Plaintiff objects to Judge Wall's R&R arguing, <u>inter alia</u>, that it has shown that it will likely suffer irreparable harm absent a preliminary injunction. Plaintiff maintains that

> the uncontested evidence shows that: (a) Ross comprises over 90% of Reign Blue's business; (b) Ross is withholding no less than $211,000 in funds due to Reign Blue for completed purchase orders due to the UCC-1 filing; (c) Ross has ceased all business with Reign Blue due to the UCC-1 filing; (d) Michelle has stopped providing funding to Reign Blue due to the UCC-1 filing; (e) Reign Blue has laid off employees because of the UCC-1 filing; (f) Reign Blue has stopped making its lease payments due to the UCC-1 filing; and (g) Reign Blue is likely to go out of business altogether due to the UCC-1 filing.

(Pl.'s Ob. Br., Docket Entry 36, at 8 (internal citations omitted).)

8

Preliminarily, the Court notes that this is the exact argument that Plaintiff raised in its post-hearing brief. (See Pl. Tr. Br. at 8.) Judge Wall considered both parties' post-hearing submissions in making his determinations. (See R&R at 1-2.) In fact, Judge Wall cited to, and rejected, the case law that Plaintiff had cited in its initial moving brief and in its post-hearing submission. (R&R at 14.)

Contrary to Plaintiff's assertion, there is nothing to suggest that Judge Wall improperly "disregarded" the aforementioned evidence. (See Pl. Ob. Br. at 9.) As to Plaintiff's argument regarding whether Michelle would continue to provide Plaintiff with financing, Judge Wall specifically found that Plaintiff's only evidence of such was the self-serving testimony of its president, Mr. Yoon. (R&R at 12-13.) As to Plaintiff's evidence regarding the loss of employees, Judge Wall cited to the hearing transcript and Mr. Yoon's testimony in determining that the only lost employee was a secretary, "who quit at some undefined time," and who may or may not have also worked for SB Max. (R&R at 13.) Furthermore, while Plaintiff cites to page fifty-one of the hearing transcript for the proposition that it has stopped making lease payments, Judge Wall cited the very same page of the transcript in determining the very opposite. (R&R at 13.) Judge Wall found that Mr. Yoon's testimony that "[i]t's very difficult" to

make rent payments did not support the proposition that Plaintiff could not make such payments due to the UCC-1 filing. (R&R at 13.)

Moreover, Judge Wall implicitly acknowledged that Ross was Plaintiff's major client and that Ross was withholding money. Nonetheless, he determined that Plaintiff's temporary inability to conduct business with Ross was insufficient. In particular, Judge Wall noted the evidence and testimony that the business relationship between Plaintiff and Ross has apparently remained in tact and that there is nothing to suggest that Plaintiff could not resume business with Ross in the future. (R&R at 12.)

Thus, it does not appear that Judge Wall overlooked any of Plaintiff's arguments in this regard. Because Plaintiff is simply rehashing arguments it has already made, a clear error standard applies. See supra p. 6. The Court has carefully reviewed and considered Judge Wall's R&R regarding irreparable harm and finds it to be well-reasoned and free of clear error. Accordingly, the Court ADOPTS Judge Wall's R&R in this respect.

Furthermore, as the Court has found a lack of irreparable harm, Plaintiff's further objections are OVERRULED as MOOT. See Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995). ("A showing of irreparable harm is essential to the issuance of a preliminary injunction.").

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED and Judge Wall's R&R is ADOPTED regarding his determination that Plaintiff has not shown a likely irreparable harm in the absence of a preliminary injunction. Plaintiff's remaining objections to the R&R are therefore OVERRULED as MOOT and Plaintiff's motion for a preliminary injunction is DENIED.

In light of this Memorandum and Order, Gateway's motion for an extension of time to file a response to Plaintiff's objections (Docket Entry 41) is DENIED AS MOOT.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October __23__, 2013
          Central Islip, NY